# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Warren Parks,

  Plaintiff,                  Case No. 1:19-cv-00612

  v.                       Judge Michael R. Barrett

Brittany Coffman,

  Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's August 2, 2019 Report and Recommendation ("R&R"). (Doc. 2). Proper notice has been given to the parties, including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections. (Doc. 3). The Magistrate Judge provided a comprehensive review of the record in the R&R and the same will not be repeated herein.

The Magistrate Judge recommends that Plaintiff be ordered to pay the full filing fee required to commence this action, as he is prohibited from proceeding *in forma pauperis* pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). (Doc. 2). In his objections, Plaintiff neither disputes that he had three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted nor argues that he falls under the imminent danger exception to 28 U.S.C. § 1915(g). (Doc. 3). Rather, he asserts that the R&R is based on fraud and misleading facts and disagrees with the recommendation therein. *Id.* After a liberal review of Plaintiff's objections, the Court finds his objections to be general disagreements with the R&R, which are insufficient to direct

the Court's attention to a specific issue with the recommended action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the objections of a petitioner appearing pro se will be construed liberally); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object.").

Additionally, to the extent that Plaintiff believes the Magistrate Judge has a burden to elaborate why her citations to Plaintiff's prior cases satisfies her finding that he is prohibited by 28 U.S.C. §1915(g) from proceeding *in forma pauperis* in this case (Doc. 3 at PageID 84), he is incorrect. Plaintiff has the burden to establish why the Magistrate Judge's recommendation should not be adopted and he has failed to do so.

In light of the foregoing, and having reviewed this matter pursuant to 28 U.S.C. § 636(b)(1), the Court **ADOPTS** the Magistrate Judge's R&R. (Doc. 2). Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 1) is **DENIED**, Plaintiff must pay the full $400 fee required to commence his action within thirty (30) days, and Plaintiff is cautioned that any failure to pay the full $400 within 30 days will result in the dismissal of Plaintiff's action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order will not be taken in good faith.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
JUDGE MICHAEL R. BARRETT