**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WARREN PARKS,<br>    Plaintiff, | Case No. 1:19-cv-612 |
| vs. | Cole, J.<br>Bowman, M.J. |
| BRITTANY COFFMAN,<br>*Judge,*<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint. (Doc. 1). On August 1, 2019, the undersigned issued a Report and Recommendation that plaintiff's motion for leave to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g). (Doc. 2). The Court adopted the Report and Recommendation by Order issued on October 31, 2019. (Doc. 4).

On November 18, 2019, plaintiff appealed this Court's Order denying his motion to proceed *in forma pauperis*. (Doc. 5). On April 2, 2020, the Sixth Circuit Court of Appeals entered an Order denying plaintiff leave to proceed *in forma pauperis* on appeal, finding, in part, that plaintiff had "three strikes" before he filed this civil action and that his allegations did not show that he was under imminent danger of serious physical injury when his complaint was filed. (*See* Doc. 12 (containing a copy of the Sixth Circuit's 4/2/2020 Order)). The Sixth Circuit ordered plaintiff to pay the $505 appellate filing fee within thirty days. (*See id.*). When plaintiff did not pay the required filing fee, the Sixth Circuit dismissed the appeal on June 3, 2020, for want of prosecution. (See Doc. 13 (containing a copy of the Sixth Circuit's 6/3/2020 Order)).

On June 24, 2020, in light of the dismissal of plaintiff's appeal, this Court ordered plaintiff to pay the full $400 fee required to commence this action by July 24, 2020. (Doc. 14). In response,

1

plaintiff filed on July 6, 2020 an "Affidavit of Reply and Extension of Time to Pay a Fee That Already Been Paid" (Doc. 15), which the Court understood to be a motion for extension of time to pay the filing fee. Because the thirty-day period for paying the $400 filing fee had not yet expired, and plaintiff failed to establish good cause for an extension of time, *see* Fed. R. Civ. P. 6(b)(1)(A), the undersigned denied the motion for extension of time. (Doc. 16).

Plaintiff has filed an "objection" (Doc. 17) to the Order denying his motion for extension of time, which the undersigned construes as a motion for reconsideration. Finding no intervening change of controlling law and that plaintiff has submitted no new evidence nor intervening authority, nor has the Clerk of Court received the filing fee, the undersigned recommends that the motion for reconsideration (Doc. 17) be denied.

Furthermore, to date, more than thirty days after the Court's June 24, 2020 Order, plaintiff has failed to pay the $400 fee. "District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's June 24, 2020 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that plaintiff's motion for reconsideration (Doc. 17) be **DENIED** and that this matter be **DISMISSED** for want of prosecution.

**IT IS SO RECOMMENDED.**

*Stephanie K. Bowman*

Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WARREN PARKS,
    Plaintiff,

vs.

BRITTANY COFFMAN,
*Judge,*
    Defendant.

Case No. 1:19-cv-612

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).