UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**WARREN PARKS,**

    **Plaintiff,**

  v.                          Case No. 1:19-cv-612
                               JUDGE DOUGLAS R. COLE
**BRITTANY COFFMAN,**        Magistrate Judge Bowman

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff Warren Parks' Objection (Doc. 19) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 18) entered on August 3, 2020. The Report and Recommendation recommends that Parks' earlier Objection (Doc. 17) to the Magistrate Judge's earlier Order (Doc. 16) be treated as a motion for reconsideration and denied. The August 3, 2020 R&R further recommends that Parks' case should be dismissed for want of prosecution. More specifically, Parks has refused to pay the filing fee that is required given this Court's earlier denial of Parks' application to proceed in forma pauperis. (*See* 10/31/19 Order, Doc. 4). For the reasons discussed below, the Court **OVERRULES** the Objection (Doc. 19), **ADOPTS** the R&R (Doc. 18), and **DISMISSES** this matter for failure to prosecute.

## BACKGROUND

This matter has a somewhat tortured procedural history. On July 26, 2019, Parks sought leave to file a Complaint in this Court in forma pauperis. (Doc. 1). As required, he attached the proposed Complaint to his filing. The motion for leave to file was assigned to a Magistrate Judge for screening under section 804(d) of the

Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321. The PLRA limits a prisoner's right to file a new action in forma pauperis if the prisoner has brought three or more previous actions that were dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The Magistrate Judge determined that, here, Parks had filed three such actions. Thus, the Magistrate Judge recommended that the Court deny Parks' request to proceed in forma pauperis, and instead require him to pay the full $400 filing fee if he wanted to proceed. (Doc. 2). The Magistrate Judge also recommended that the Court certify that any appeal would not be in good faith. *See* 28 U.S.C. § 1915(a)(3). On October 31, 2019, the Court adopted that Report and Recommendation in its entirety. (Doc. 4).

Parks appealed. Or, at least, Parks filed a Notice of Appeal. (Doc. 5). Given the Court's determination under 28 U.S.C. § 1915(a)(3), though, the Sixth Circuit required Parks to pay a filing fee. Parks declined to do so. Accordingly, on June 3, 2020, the Sixth Circuit dismissed his appeal for want of prosecution. (Doc. 13).

With the appeal done, the matter returned to this Court. Consistent with the previous determination, the Magistrate Judge informed Parks that he was required to pay the filing fee. (*See* 6/24/20 Order, Doc. 14). Parks responded with a filing labeled, in part, "Extension of Time to Pay a Fee that Already been Paid." (Doc. 15). In that filing, Parks seemed to contend that, by filing the Sixth Circuit's Order with a handwritten notation that it was "Accepted for Value and Returned for Discharge,"

2

that somehow constituted the necessary payment. (*Id*.). The Magistrate Judge disagreed. (7/16/20 Order, Doc. 16). In that Order, though, the Magistrate Judge provided Parks some additional time to pay. (*Id*.). He again declined to do so, instead filing what he labeled as an "Objection" to the Magistrate Judge's Order. (Doc. 17).

In response, the Magistrate Judge entered the R&R at issue here. (Doc. 18). The R&R recommends that the Court dismiss this matter for want of prosecution. Parks responded in a two-fold fashion. First, he filed an Objection to the R&R. (Doc. 19). Second, he filed a document labeled "Chall[e]nge the Authority to Deny my Habeas Corpus." Both documents seem to rest on the assumption that there is a distinction between WARREN PARKS (all capital letters), which is "a strawman masquerading as" Warren Parks, who is the actual "claimant at law." (Doc. 19, #279). Those filings and the Magistrate Judge's R&R are now before the Court.

## DISCUSSION

The PLRA requires prisoner litigants to pay the filing fees for a new case once certain conditions are met. This Court previously determined those conditions were met here and ordered Parks to pay the filing fee if he wished to proceed. Parks sought to appeal that order, but the Sixth Circuit dismissed that appeal for failure to pay filing fees in that court. Thus, this Court's previous Order stands, and is the law of the case. As noted, that Order required Parks to pay a filing fee if he wanted to go forward with this case. He has not done so. Accordingly, the Magistrate Judge correctly recommended dismissing his action for failure to prosecute. Parks'

objections to that R&R and to this Court's authority to hear his habeas petition, to the extent that the Court can understand them, are frivolous.

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** the Objection (Doc. 19), **DENIES** Parks' challenge to the authority of this Court to hear his habeas petition (Doc. 20), and **ADOPTS** the R&R (Doc. 18), in its entirety. The Court thus **ORDERS** that this case shall be **DISMISSED** for want of prosecution, and further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. The Clerk is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

September 2, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**